## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA STASH, | : | NO. 4:24-CV-00002 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Victoria Stash's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court vacates the decision of the Commissioner and remands to the Commissioner for further proceedings.

---

[1]     Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I.   BACKGROUND

## A.    Procedural History

On September 29, 2020, Stash applied for disability benefits, alleging disability beginning January 31, 2020. Transcript, Doc. 9-5 at 2. Following an initial denial, Stash submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 9-4 at 24. The ALJ conducted the hearing and determined that Stash is not disabled. Doc. 9-2 at 32, 39.

Stash filed a request for review of the ALJ's decision, which the Appeals Council denied. Doc. 9-2 at 1. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405 (g). Pending before this Court is Stash's action seeking judicial review of the Commissioner's decision. Complaint, Doc. 1. This case is fully briefed (docs. 10, 16, 17) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, Doc. 7.

## B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work."
§ 404.1520(f). At the fifth step, the Commissioner bears the burden to
demonstrate that the claimant's RFC and his "age, education, and work
experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If
the Commissioner cannot satisfy this burden, the claimant's claim is
granted. *See* § 404.1520(g).

### C.    The ALJ's Decision

Here, the ALJ determined that Stash "has not been under a
disability, . . . from January 31, 2020, through the date of this decision."
Doc. 9-2 at 31.  The ALJ reached this conclusion after proceeding through
the five-step sequential analysis required by the Social Security Act.
§ 404.1520(a)(4)(i)–(v); *see* Doc. 9-2 at 20-31.

At step one, the ALJ determined that Stash "has not engaged in
substantial gainful activity since January 31, 2020, the alleged onset
date," of disability. Doc. 9-2 at 20. At step two, the ALJ found that Stash
has the following severe impairments: lynch syndrome, degenerative disc
disease of the spine, fibromyalgia, hepatic steatosis, migraine headache,
history of pulmonary embolism and deep vein thrombosis, metabolic
syndrome, morbid obesity, and major depressive disorder. *Id.* at 21. At

step three, the ALJ determined that Stash "does not have an impairment

or combination of impairments that meets or medically equals the

severity of one of the listed impairments in" 20 C.F.R. part 404, subpart

P, appendix 1. *Id.* at 21.

Between steps three and four, the ALJ found that Stash has the

following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b)
> except the claimant can only stand and walk 4 hours each,
> with standing and walking in increments of no more than one
> hour and sitting in increments of no more than two hours. She
> can have frequent bilateral overhead reaching but no stooping
> or crouching and an ability to occasionally balance, kneel,
> crawl and climb without utilizing ladders, ropes or scaffolds
> and without exposure to high heat, humidity or wetness. The
> claimant is able to carry out detailed but uninvolved
> instructions to perform simple, routine, and repetitive tasks;
> involving only simple work-related decisions and occasional
> workplace changes. Additionally, she can tolerate frequent
> interaction with coworkers and supervisors and no interaction
> with the public.

*Id.* at 24.

At step four, the ALJ determined that Stash "is unable to perform

any past relevant work." *Id.* at 30. At the fifth and final step, the ALJ

denied Stash's disability claims because after considering her "age,

education, work experience, and [RFC], there are jobs that exist in

significant numbers in the national economy that the claimant can perform." *Id.* at 30.

## II.  <u>DISCUSSION</u>

Stash primarily argues that the ALJ erred at the RFC determination step and step five of the disability determination process by failing "to include – or discuss the decision to exclude – a limitation to 'one and two step tasks'." Pl.'s Br., Doc. 10 at 1, 6; Pl.'s Reply Br., Doc. 17 at 1, 3.[2] Stash is correct.

Because the ALJ here found persuasive two agency psychologists' RFC limitations but failed to incorporate them in the ALJ's RFC determination *without any explanation*, and the two agency psychologists' RFC limitations are inconsistent with the reasoning level of the jobs the ALJ identified at step five, the decision of the Commissioner will be vacated and remanded to the Commissioner.

---

[2] Because the Court vacates and remands the decision of the Commissioner for further consideration, concluding that the ALJ erred by failing to include or explain his decision to exclude a limitation to one and two step tasks, the Court declines to address Stash's remaining argument. "A remand may produce different results on these claims, making discussion of them moot." *Burns v. Colvin*, 156 F. Supp. 3d 579, 598 (M.D. Pa. 2016).

## A.    The requirements at the RFC stage

Generally, "[a]n ALJ is entitled to credit parts of an opinion without crediting the entire opinion." *Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016). But an ALJ opinion "that fails properly to consider, discuss and weigh relevant medical evidence," may require remand when there is conflicting probative evidence in the record but an explanation of the reasoning behind the ALJ's conclusion is not provided. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

When, as in this case, an ALJ finds persuasive a medical opinion that identifies a claimant's RFC limitation, the ALJ errs by failing to include that limitation in the RFC determination *without* explanation. *See Shipman v. Kizakazi*, No. 22-636, 2023 WL 5599607, at *9 (M.D. Pa. Aug. 29, 2023); *Michelle M. v. Bisignano*, No. 23-2163, 2025 WL 2713737, at *6 (M.D. Pa. Sept. 23, 2025) (collecting cases); *Warren v. Dudek*, No. 24-635, 2025 WL 1168276, at *5 (M.D. Pa. Apr. 22, 2025), citing *Durden*, 191 F. Supp. 3d at 455, ("While an ALJ is not required to accept every limitation set forth in an opinion that is found to be persuasive, the decision must adequately explain the rationale behind the RFC determination."). That error is nevertheless harmless if the RFC

determination is consistent with the vocational expert's indication of representative jobs from the Dictionary of Occupational Titles (DOT). *Soto v. Kijakazi*, No. 21-1531, 2022 WL 4358087, at *11 (M.D. Pa. Sept. 20, 2022) (holding harmless an ALJ's error in failing to include proper RFC limitation because the RFC determination was consistent with at least one of the jobs identified at step five); *Reep v. Bisignano*, No. 24-712, 2025 WL 1508453, at *9 (M.D. Pa. May 27, 2025) (holding same).

## B.     The ALJ's RFC finding requires remand.

In this case, the ALJ erred when he failed to include, *without an explanation*, the RFC limitations from Drs. Vigna and Mrykalo, two state agency psychological consultants, that he found persuasive. Doc. 9-2 at 24, 29; *See Mabry v. Bisignano*, 791 F. Supp. 3d 556, 563 (M.D. Pa. 2025), quoting *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999), ("ALJ must 'indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding.'").

Compare first the RFC limitation determined by the ALJ and Drs. Vigna and Mrykalo. The two doctors found that Stash can carry out "very short and simple instructions." Doc. 9-3 at 79, 105. The ALJ found that

Stash can carry out "detailed but uninvolved instructions." Doc. 9-2 at
24. These two limitations are distinct and inconsistent.

The court in *Cowher v. O'Malley* clarified this distinction. No.
21-178, 2024 WL 3161865, at *7–9 (W.D. Pa. June 24, 2024). In *Cowher*,
the court explained that "a difference exists between an individual
capable of following 'simple instructions,' and an individual only capable
of following 'very short and simple instructions (i.e., perform one and two
step tasks).'" 2024 WL 3161865, at *7. It concluded that while a limitation
to very short and simple instructions is consistent with jobs at reasoning
level one, courts generally find that a limitation to simple instructions is
consistent with jobs at both reasoning level one and level two. *Id.*
(collecting cases).

Here, Drs. Vigna and Mrykalo, by finding that Stash is limited to
carrying out "very short and simple instructions," Doc. 9-2 at 79, 105,
opined that Stash is limited to performing one and two step tasks—
consistent with jobs at reasoning level one. *Cowher*, 2024 WL 3161865,
at *7; *see, e.g., Warren v. Dudek*, No. 24-635, 2025 WL 1168276, at *7
(M.D. Pa. Apr. 22, 2025) ("Here, the jobs identified by the ALJ at Step 5
require a reasoning level 2, which *could be* inconsistent with a limitation

to one-to-two-step tasks."); *Latourette v. King*, No. 24-516, 2025 WL 580597, at *8 (M.D. Pa. Feb. 21, 2025); *Reep*, 2025 WL 1508453, at *8–9. Therefore, the ALJ's RFC finding that Stash can carry out "detailed but uninvolved instructions," Doc. 9-2 at 24, was inconsistent. *See Mabry*, 791 F. Supp. 3d at 564 (explaining that detailed but uninvolved instructions are consistent with jobs at reasoning level two). Because the ALJ found Drs. Vigna and Mrykalo's opinions persuasive but failed to include their RFC findings without an explanation, the ALJ has erred.

## C.    The error is not harmless.

The ALJ's failure to include or to explain the exclusion of the RFC limitation findings by Drs. Vigna and Mrykalo is not harmless because at step five, the ALJ only identified jobs that are consistent with reasoning level two. Doc. 9-2 at 31; *see* Small Parts Assembler (DICOT 706.684-022), 1991 WL 679050 (2016); Marker (DICOT 209.587-034), 1991 WL 671802 (2016); Router (DICOT 222.587-038), 1991 WL 672123 (2016). Had the ALJ included at least one job consistent with a reasoning level one, the error would be harmless. *Soto*, 2022 WL 4358087, at *11 (holding harmless an ALJ's error in failing to include proper RFC limitation because the RFC determination was consistent with at least

one of the jobs identified at step five); *Reep*, 2025 WL 1508453, at *9 (holding same). He did not, so the error is not harmless.

## III.    <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order follows.

Date: January 27, 2026                          <u>s/*Sean A. Camoni*</u>
                                                Sean A. Camoni
                                                United States Magistrate Judge